IN THE UNITED STATES DISTRICT COURT FOR THE

MIDDLE DISTRICT OF TENNESSEE

NASHVILLE DIVISION

| | |
|---|---|
| JAMIEL WILLIAMS, | ) |
| Petitioner, | ) NO. 3:12-cv-00528 |
| v. | ) JUDGE RICHARDSON |
| CHANCE LEEDS, | ) |
| Respondent. | ) |

## ORDER ON OBJECTIONS TO REPORT AND RECOMMENDATION

Pending before the Court are a Report and Recommendation of the Magistrate Judge (Doc. No. 53, "R&R") and "Petitioner's Objections to Report and Recommendation" (Doc. No. 54, "Objections"). As requested via an order (Doc. No. 55) of the Court,[1] Defendant responded to one particular argument Petitioner's Objections (Doc. No. 56, "Response"), and Petitioner (referred to at time in quoted passages as "Williams") filed a reply to the Response (Doc. No. 57, "Reply").

### STANDARD FOR REVIEW OF A REPORT AND RECOMMENDATION

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review de novo any portion of the report and recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the recommended disposition, review further evidence, or return the matter to the magistrate judge with instructions. *Id.* Fed. R. Civ. P. 72(b)(2) provides that a party may file "specific written objections" to a report and recommendation, and Local Rule 72.02(a)

---

[1] Herein, the term "the Court" refers specifically to the Court as acting through the undersigned district judge in particular, as opposed to the assigned magistrate judge.

provides that such objections must be written and must state with particularity the specific portions of the Magistrate Judge's report or proposed findings or recommendations to which an objection is made.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(3), the Court has reviewed de novo the R&R, the Objections, and the file. For the reasons set forth below, the Objections of the Plaintiff are denied as moot based on the mootness of the sole claim (Claim One) to which they relate, the R&R is modified by declaring Claim One moot rather than procedurally defaulted, and the R&R is otherwise accepted and approved, and this action shall be dismissed in its entirety.

## PROCEDURAL BACKGROUND

As recounted in the R&R:

> On August 17, 2006, a Tennessee jury convicted Petitioner Jamiel Williams of one count of first-degree murder for the shooting death of Aaron Jones. (Doc. No. 30-2.) Williams was seventeen at the time of Jones's death, and the case was transferred from juvenile court to criminal court for Williams to be tried as an adult. (Doc. No. 32-3.) After his conviction, Williams was sentenced to a term of life imprisonment. (Doc. No. 30-2.)
>
> Before the Court are Williams's pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 (Doc. No. 1), and an amended petition filed by Williams's court-appointed counsel (Doc. No. 19). The State of Tennessee answered Williams's amended petition and filed the state-court record (Doc. Nos. 28, 30–30-6, 32–32-10), but did not answer Williams's pro se petition. After seeking to reopen his state post-conviction proceedings, Williams filed a response to the State's answer and supplemented the state-court record (Doc. Nos. 42–42-2). The State filed a reply and attached orders of the Tennessee Court of Criminal Appeals (TCCA) and Tennessee Supreme Court regarding Williams's application to reopen the state post-conviction proceedings (Doc. Nos. 45–45-2). At the Court's request (Doc. No. 48), both parties filed supplemental briefs (Doc. Nos. 50, 51). The State also filed a response to Williams's supplemental brief. (Doc. No. 52.)

(Doc. No. 53 at 1-2). Quoting the Tennessee Court of Criminal Appeals ("TCCA") opinion affirming his conviction, the R&R then recounted in some detail Petitioner's (2006) murder trial, which need not be discussed herein. (*Id.* at 2-5). As noted in the R&R, after the TCCA affirmed

his conviction on direct appeal, the Tennessee Supreme Court denied Petitioner's application to appeal. (*Id.* at 6-7). The R&R then recounted in detail Petitioner's post-conviction proceedings in state court. (*Id.* at 7-12). Those proceedings need not be discussed herein, except to note (i) that the Williamson County Circuit Court denied Petitioner's pro se petition for post-conviction relief, which consisted exclusively of a claim of ineffective assistance of counsel, which alleged numerous specific instances of alleged deficient performance on the part of his trial counsel, (*id.* at 7); and (b) that the TCCA affirmed such denial. (*Id.*).

The R&R then described the history of Petitioner's instant federal habeas corpus petition, and identified the claims asserted in the most recent petition in this case, the "Amended Petition for Writ of Habeas Corpus" (Doc. No. 19, "Amended Petition"). As noted in the R&R, the Amended Petition contains the following claims: (Claim One) Petitioner 's sentence is prohibited under *Miller v. Alabama*, 567 U.S. 460 (2012), which declared mandatory sentences of life without parole for juvenile offenders unconstitutional; (Claim Two) Williams's trial counsel was ineffective; (Claim Three) Williams was deprived of his right under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), to have a jury decide whether to transfer Williams from juvenile to criminal court; and (Claim Four) because Williams is factually innocent, his conviction and continued incarceration violate his due process rights under the Fifth and Fourteenth Amendments. (Doc. No. 53 at 12). The R&R also deemed it appropriate to address a claim, which it called "Claim Five," presented in Petitioner's original, pro se petition (Doc. No. 1) but not the Amended Petition: that the evidence presented at trial was insufficient to support conviction. (Doc. No. 53 at 18).[2] Additionally, the R&R deemed it appropriate to address allegations made in the original, pro se

---

[2] Herein, the Court refers collectively to the five claims distilled from the original petition and the Amended Petition as the "Petition as amended."

petition, but not in the Amended Petition, in support of Petitioner's Claim Two asserting ineffective assistance of trial counsel. (*Id.*)[3]

RECOMMENDATIONS IN R&R

The R&R first recommended dismissal of claims One, Three, Four, and Five, as well as Subclaims (2)(c), 2(g), and 2(j)-2(r). (*Id.* at 24). The basis for that recommendation was the Magistrate Judge's conclusion that each had been procedurally defaulted under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). As for Claim One in particular, the so-called *Miller* claim, the R&R explained as follows:

> The State also argues that Williams's *Miller* claim (Claim One) is procedurally defaulted under the independent and adequate state ground doctrine. (Doc. No. 45.) That doctrine provides that federal courts may not review a petitioner's claims that "a state court declined to address . . . because the [petitioner] had failed to meet a state procedural requirement." *Coleman* [*v. Thompson*, 501 U.S. 722, 730 (1991)]. After the post-conviction trial court denied Williams's petition to reopen the post-conviction proceedings to assert his *Miller* claim, Williams sought permission to appeal from the TCCA under Tenn. Code Ann. § 40-30-117(c). (Doc. No. 45-1.) The TCCA denied permission to appeal because Williams "did not attach to his application copies of any of the documents filed in the trial court[,]" leaving the TCCA "unable to conduct an adequate review of the application." (Id.); see also Tenn. Code Ann. § 40-30-117(c) (requiring that an application to appeal the denial of a motion to reopen "shall be accompanied by copies of all the documents filed by both parties in the trial court and the order denying the motion"). Because the TCCA's denial was based solely on procedural grounds, and because those procedural grounds are independent of Williams's *Miller* claim and adequate to support the judgment, that claim is procedurally defaulted. See *Coleman*, 501 U.S. at 729–32

(Doc. No. 53 at 23). In other words, the R&R recommended denial of the *Miller* claim on the grounds of procedural default because Petitioner—having unsuccessfully sought in circuit court to reopen the post-conviction proceedings to assert a *Miller* claim (for the first time)—was barred by the TCCA from any further possible consideration of his *Miller* claim, due to his non-compliance

---

[3] For purposes of analysis, the R&R enumerated each of the various discrete allegations made in either of the two petitions in support of Claim Two; the R&R presented these in an alphanumeric list (of what the R&R called "Subclaims") spanning from "2(a) through "2(t)." (Doc. No. 53 at 18-19).

with a state statutory procedural requirement for obtaining review of the circuit court's decision to refuse to allow him the reopen proceedings to assert the *Miller* claim. According to the R&R, the TCCA's invocation of such non-compliance as procedural grounds to stop the Miller claim in its track was "adequate and independent" grounds to deny the *Miller* claim, meaning that Petitioner had procedurally defaulted it.

As to Petitioner's (sub)claims that were not procedurally defaulted, namely the ineffective-assistance-of-counsel claims identified as Subclaims 2(a), 2(b), 2(e), 2(f), 2(h), 2(i), 2(k)-2(q), 2(s), and 2(t), the Court recommended denial of each of them. The basis for that recommendation was the Magistrate Judge's conclusion that the standard for federal habeas relief under the AEDPA was not satisfied because she could not conclude that the TCCA's denial of relief on those claim "was based on an unreasonable application of law or determination of the facts, as [the] AEDPA requires." (*Id.* at 26).

PETITIONER'S OBJECTIONS, AND RESPONDENT'S RESPONSE THERETO

In his Objections, Petitioner does not challenge any aspect of the R&R dealing with any of the claims relating to his either his transfer from juvenile court to criminal court or to his jury trial in criminal court, *i.e.*, Claims Two through Five. Instead, he objects solely to the R&R's resolution of Claim One, his so-called *Miller* claim.

The gist of Petitioner's objection on the *Miller* claim is that the Magistrate Judge erred in finding that the application of Tenn. Code Ann. § 40-30-117(c) by the TCCA to bar his *Miller* claim was an adequate and independent state-law ground to deny the *Miller* claim. According to Petitioner, a procedural ruling—like the application of Tenn. Code Ann. § 40-30-117(c)— cannot be "adequate" unless the state rule in question was "firmly established and regularly followed." (Doc. No. 54 at 3) (quoting *Beard v. Kindler*, 558 U.S. 53, 60 (2009) (quoting *Lee v. Kemna*, 534

U.S. 362, 375 (2002)) (internal quotation marks omitted). Further according to Petitioner, Tenn. Code Ann. § 40-30-117(c)—which as noted requires any application to appeal the denial of a motion to reopen to be accompanied by certain documents—had not been "regularly followed" and thus did not provide an adequate state-law ground for denying his *Miller* claim. Respondent sought to refute this argument in his Response, and Petitioner fired back in the Reply. Ultimately, the Court need not resolve the objection to the R&R's recommendation as to the *Miller* claim, because the claim is now moot.

DISCUSSION

Without using the word "moot" (or "mootness), Respondent alludes in the Response to why the claim is moot at this juncture:

> The Tennessee Supreme Court recently decided *State v. Booker*, S.W.3d , No. E2018-01439-SC-R11-CD, 2022 WL 17072990 (Tenn. Nov. 18, 2022) (for publication), [in] which the court held that Tennessee's automatic life sentence for first-degree murder violates the Eighth Amendment as applied to those who committed first-degree murder as juveniles. *Id.* at *9-10. The Tennessee Supreme Court remedied this issue by reapplying Tenn. Code Ann. § 40-35-501(h)(1), an unrepealed statute, to the affected juvenile offenders. They will remain sentenced to sixty years but are "eligible for, although not guaranteed, supervised release on parole after serving between twenty-five and thirty-six years." *Id.* at *10. Thus, any claim that Petitioner purports to have under *Miller* has been remedied. As a juvenile offender at the time of his first-degree murder, he will receive parole consideration under *Booker* after he serves between twenty-five and thirty-six years. In view of this change in circumstances, there is certainly no basis to question whether Petitioner's sentence offends the Eighth Amendment, as construed in *Miller*, *Montgomery v. Louisiana*, 577 U.S. 190 (2016), and *Jones v. Mississippi*, 141 S. Ct. 1307 (2021). This is because he "will, at the appropriate time, receive an individualized parole hearing in which his youth and other circumstances will be considered." *Booker*, 2022 WL 17072990, at *12; see e.g., *Travathan v. Vannoy*, No. 18-7682, 2019 WL 11556747, at *4 (E.D. La. Jan. 4, 2019) (*Miller* violation remedied "simply by resentencing petitioner to a term of life imprisonment with the possibility of parole"), report and recommendation adopted 2020 WL 7728759 (E.D. La. Dec. 29, 2020); *Wolf v. Cassady*, No. 16- 3334, 2019 WL 1089125, at *2 (W.D. Mo. Mar. 7, 2019) (due to a post-*Miller* statutory change, "Petitioner is no longer serving an unconstitutional sentence of life without parole. Petitioner is entitled to a parole hearing after he has served twenty-five years of his sentence.").

(Doc. No 56 at 6-7) (footnote omitted).[4] Respondent concludes by asserting that "the change in circumstances occasioned by *Booker* further undermines Petitioner's claim." (*Id.* at 7). Respondent thus describes *Booker* both as "remed[ying]" the alleged constitutional violation underlying Petitioner's *Miller* claim and as "undermin[ing] Petitioner's *Miller* claim. What Respondent is really getting at is the reality that *Booker* has mooted Petitioner's *Miller* claim. Consistent with Respondent's above-quoted statement, in *Booker* the Tennessee Supreme Court stated:

> [W]e hold that Tennessee's mandatory sentence of life in prison when imposed on a juvenile homicide offender with no consideration of the juvenile's age and attendant circumstances violates the Eighth Amendment's prohibition against cruel and unusual punishment. Consistent with the parties' arguments, we remedy this constitutional defect by applying the unrepealed pre-1995 version of section 40-35-501(h)(1). Under this statute, Mr. Booker remains sentenced to a sixty-year term but is eligible for, although not guaranteed, supervised release on parole after serving between twenty-five and thirty-six years. In line with *Montgomery* [*v. Louisiana*, 136 S. Ct. 718 (2016)], Mr. Booker will, at the appropriate time, receive an individualized parole hearing in which his youth and other circumstances will be considered. This ruling applies only to juveniles, not adults, convicted of first-degree murder.

*State v. Booker*, No. E201801439SCR11CD, 2022 WL 17072990, at *12 (Tenn. Nov. 18, 2022). *Booker* was clear that the remedy "granting a parole hearing rather than resentencing[.]" *Id.* at *11. *Booker* makes clear that someone in Petitioner's situation— a then-juvenile convicted of first-degree murder—receive an individualized parole hearing in which his youth and other circumstances will be considered. As *Booker* indicates, this takes care of the very problem implicated via a *Miller* claim: the alleged unconstitutionality of the sentence imposed on petitioner, a mandatory prison sentence of between 51 and 60 years imposed on a juvenile.[5] The remedy

---

[4] Notably, *Booker* was decided after the R&R was entered, and so of course neither *Booker*, nor any mootness argument occasioned by it, could possibly have been accounted for in the R&R.

[5] In *Booker*, just as in Petitioner's case, the defendant received a mandatory sentence of "life imprisonment," although the sentence of "life imprisonment" actually was, under Tennessee statute, a sixty-year sentence requiring at least fifty-one years of incarceration. *Booker*, 2022 WL 17072990, at *1. Notably, in *Booker*, the court declined to find (or even reach the argument) that Tennessee's mandatory 51-to-60 year sentence for juveniles convicted of first degree murder violated *Miller*'s specific prohibition against mandatory sentences of life imprisonment without the possibility

takes care of the problem because, given *Booker*'s mandate of an individualized parole hearing for persons (including Petitioner) serving such sentences, the sentence is no longer mandatory.

That is precisely the upshot of *Travathan* and *Wolf*, cited by Respondent. Each of these cases stands for the proposition that a *Miller* issue is remedied by providing the petitioner with an opportunity for parole (without the necessity of granting the petitioner a re-sentencing or, for that matter, any other form of relief). And the Supreme Court has made clear that this proposition is an accurate statement of the law. *See Montgomery*, 136 S. Ct. at 736 ("A State may remedy a *Miller* violation by permitting juvenile homicide offenders to be considered for parole, rather than by resentencing them.").

Neither *Travathan,* Wolf, nor *Montgomery* happens to speak in terms of mootness. But it is clear that when the state provides such a remedy, the effect of the *Miller* claim is that it becomes moot. *See*, *e.g.*, *Johnson v. Woodson*, No. 3:13CV404, 2020 WL 1451979, at *4 (E.D. Va. Mar. 25, 2020) ("the newly-enacted legislation in Virginia, abolishing life-without-parole sentences for juvenile offenders [by making such offenders eligible for parole], renders moot Johnson's habeas petition."); *Scott v. California*, No. 5:14-CV-2648-R (SK), 2018 WL 6070938, at *2 (C.D. Cal. Mar. 8, 2018) (finding the petitioner's *Miller* claim moot because as explained in the California Supreme Court's decision in *People v. Franklin*, 370 P.3d 1053 (Cal. 2016), a 2017 California statute (SB-394) passed in response to *Miller* made the petitioner newly eligible for parole).

Notably, courts have not refrained from deeming "moot" claims that have been remedied

---

of parole for juveniles. *See Miller*, 567 U.S. at 479 (holding that "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders."). Indeed, in *Booker*, the court expressly declined to address whether a 51-to-60 year sentence is equivalent to [a sentence of] life without parole and is thus subject to *Miller*." 2022 WL 17072990, at *10. Instead, the Court held that such a sentence, when imposed on juveniles, violated the Eighth Amendment's requirement of proportionality in sentencing, irrespective of *Miller*'s specific holding). Id. at 7. This rationale, and holding, applies in Petitioner's case as in *Booker*.

by a change in state law (be it statutory or via state supreme court decision). Indeed, Courts have found Eighth Amendment claims mooted when (as in Petitioner's case) it is clear that the petitioner will be subject to the new law even though sentenced under the old law. *See Rupe v. Wood*, 93 F.3d 1434, 1438–39 (9th Cir. 1996); *Lugo v. McEwan*, No. EDCV12549DMGAGR, 2017 WL 990530, at *3 (C.D. Cal. Jan. 24, 2017), *report and recommendation adopted*, No. EDCV12549DMGAGR, 2017 WL 981386 (C.D. Cal. Mar. 13, 2017). These cases find—correctly, in the firm view of the Court—Eighth Amendment claims moot based on a change in state law, despite the hypothetical possibility that state law could change again based on some future new state supreme court decision (or new state statute). And indeed, such theoretical possibility is too speculative to keep a *Miller* claim from becoming moot and thus remaining justiciable. *See Scott*, 2018 WL 6070938, at *2 (finding the possibility that SB-394 could be revoked "too hypothetical to make [the petitioner's] *Miller* claim justiciable").

## CONCLUSION

With respect to Claims Two through Five, as to which no objection has been made, the R&R (Doc. No. 53) is ACCEPTED AND ADOPTED. With respect to Count One, the R&R is neither accepted nor rejected, but rather is (in the terminology of Fed. R. Civ. P. 72(b)(3)) MODIFIED to dismiss that claim as moot for the reasons set forth herein.

The result of the ruling herein as that all claims in the Petition as amended are dismissed. This is the final order in this case, and because it denies all relief, the Clerk SHALL enter judgment. *See* Fed R. Civ. P. 58(b)(1)(C).

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE